Timothy Lee HAMPTON and Joel Randall Hampton, infants, by their next friend and mother, Linda BOWLING; Deborah Kay Arnold; and Linda Bowling, Plaintiffs,

v.

Thomas TINDER, Leon Ginsberg and Sharon Lord, in their official capacities as Commissioners of the West Virginia Department of Human Services (formerly Department of Welfare); the West Virginia Department of Human Services; and Jack Tanner, in his official capacity as Administrator of Area 25 of the West Virginia Department of Human Services; Jim Cooper; Frances Knapp, Esther Motley, and other as yet known employees of the West Virginia Department of Human Services (formerly Department of Welfare) Area 25 Social Services Unit, Defendants.

Civ. A. No. 5:86–0590.

United States District Court,
S.D. West Virginia,
Beckley Division.

April 6, 1989.

**44**

Robert S. Baker, Appalachian Research & Defense Fund, Inc., and Winifred L. Underwood, Beckley, W.Va., for plaintiffs.

Herschel H. Rose III, Steptoe & Johnson, Charleston, W.Va., for defendants.

## ORDER

HALLANAN, District Judge.

This matter is before the Court via the Defendants' motion to dismiss and via the Defendants' motion for summary judgment. The Court by Order entered January 18, 1989, ruled on several aspects of these motions, but directed the parties to brief certain issues that had not been adequately addressed in the memoranda submitted with the above motions. After careful consideration of the briefs submitted in response to the Court's directive, the Court is prepared to issue its final rulings as to these motions.

### Eleventh Amendment

■ First, the Court asked the parties to brief the issue of whether or not the Eleventh Amendment bars suit against the West Virginia Department of Human Services (hereinafter "DHS") and various DHS officials sued in their official capacities. A suit against state officials in their official capacities is "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611. Absent waiver by the state or congressional authorization, the Eleventh Amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

■ The Plaintiffs assert various arguments that the State has waived its Eleventh Amendment immunity from suit in federal court. The Plaintiffs rely upon *Pittsburgh Elevator v. W.Va. Bd. of Regents*, 310 S.E.2d 675 (W.Va.1983) for their assertion that, to the extent recovery is sought up to the limits of the State's liability insurance coverage, the bar to suits against a state is inapplicable. This Court believes that *Pittsburgh Elevator* waives the State's sovereign immunity only to suits in state court, not federal court. *See also Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985); *Giancola v. W.Va. Dept. of Public Safety*, 830 F.2d 547 (4th Cir.1987); *Mathis v. Crabtree*, —— WL —— (Order of J. Staker entered April 6, 1988). The Plaintiffs also argue that Congress in enacting 42 U.S.C. § 1983 under authority of § 5 of the Fourteenth Amendment overrode the Eleventh Amendment. The Supreme Court has held that Congress in enacting § 1983 did not abrogate a

State's Eleventh Amendment immunity. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Accordingly, the Defendants' motion to dismiss and motion for summary judgment are hereby ORDERED GRANTED to the extent of the foregoing. This suit against State officials in their official capacities and against the DHS is barred and these Defendants are dismissed from this action.

### Statute of Limitations

■■■ The Court next directed the parties to brief the issue of whether or not the statute of limitations has run on the claims of Linda Bowling and Deborah Kay Arnold. The Court in its Order entered January 18, 1989, directing the parties to brief certain issues, recognized that the continuing wrong exception can operate to toll the running of a statute of limitations, and asked the parties to brief this aspect of the statute of limitations issue.

Upon consideration of the briefs, the Court believes that the claims of Deborah Kay Arnold and Linda Bowling are barred by the two-year statute of limitations. Both Timothy Lee Hampton and Joel Randall Hampton were returned by the State to the physical custody of Linda Bowling in 1982. Linda Bowling consented to the placement of Joel Randall Hampton in a youth services program after his return to her and thus she cannot contend that the State deprived her of the companionship of her son. Although Linda Bowling did not receive legal custody of Timothy Lee Hampton until 1985, the Court does not find this to be a continuing wrong for purposes of tolling the running of the statute of limitations.

Accordingly, in light of the foregoing, it is hereby ORDERED that the Defendants' motion to dismiss and motion for summary judgment are hereby ORDERED GRANTED to the extent of the foregoing and that the claims of Deborah Kay Arnold and Linda Bowling are barred by the applicable statute of limitations.

### Respondeat Superior

■■■ The Court in its Order entered January 18, 1989, recognized that liability under § 1983 cannot be established upon a theory of respondeat superior. Supervisors can be found liable under § 1983, however, if some affirmative link is shown between the acts complained of and the superiors.

The Court directed the parties to brief this issue and to show an affirmative link between the acts complained of and the individual Defendants. In their brief the Plaintiffs continue to only generally allege that all of the individual Defendants are guilty of wrongdoing, but provide no specific facts linking any individual Defendant other than Esther Motley. Summary judgment is appropriate, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). As the Plaintiffs have failed to plead any facts showing an affirmative link between the individual Defendants and the acts complained of, summary judgment is appropriate.

Accordingly, based upon the foregoing, the Defendants' motion for summary judgment is hereby ORDERED GRANTED to the extent of the foregoing, and all individual Defendants except Esther Motley are dismissed from this matter. A question of fact precluding summary judgment exists as to the actions of Esther Motley.

### Negligence

■■■ The Court also asked the parties to brief the issue asserted in the Defendants' motion for summary judgment that the Plaintiffs' allegations constitute no more than mere negligence for which no liability can lie under § 1983. As the Court believes that the Plaintiffs' allegations, if true, rise to the level of constitutional violations, the Defendants' motion for summary judgment is hereby ORDERED DENIED to this extent.

**46**

### Qualified Immunity

 The final issue the Court directed the parties to brief concerns qualified immunity. Qualified immunity is appropriate if the law allegedly violated was not clearly established at the time of the alleged violations. The Plaintiffs allege that the Defendants violated their rights to due process by not following clearly mandated procedures. As a question of fact exists as to whether or not the Plaintiffs' due process rights were violated by the acts of the Defendants in not following clearly established procedures, the Defendants' motion for summary judgment is hereby ORDERED DENIED to this extent.

The Plaintiffs submitted a law review article on the Eleventh Amendment for the Court's consideration. The Defendants objected to such a submission. This law review article has not been made a part of the record in this file, however, and the Court did not consult it in ruling on these matters.

It is further ORDERED that the trial of this matter take place on Tuesday, May 23, 1989, at 9:30 a.m., at the Federal Courthouse, Beckley, West Virginia. The final settlement conference will take place on Monday, May 22, 1989, at 1:30 p.m., at the Federal Courthouse, Beckley, West Virginia. The pretrial conference will take place on Monday, May 8, 1989, at 1:30 p.m., at the Federal Courthouse, Beckley, West Virginia.

IT IS SO ORDERED.